IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Derrick Lamont Banks,<br> Plaintiff, | )<br>)<br>) |
| v. | )   1:08cv1175 (LMB/IDD)<br>) |
| John R. Kuplinkski, et al.,<br> Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Derrick Lamont Banks, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that various officials at his correctional institution violated his constitutional rights. Plaintiff has also submitted a request to proceed in forma pauperis. By Order dated November 1, 2008, plaintiff was directed to particularize and amend his complaint, and to complete and return a consent form. Plaintiff submitted an amended complaint on December 22, 2008. After reviewing plaintiff's amended complaint, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

Plaintiff names four separate defendants in his amended complaint: Defendant Ionescue, the

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
 (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

jail psychiatrist; Kathy Ricci, who handles appointments for and sits in on inmates' consultations with the jail psychiatrist; Nurse Cunningham; and Defendant Kuplinski, a jail administrator. According to plaintiff, both Ionescue and Ricci are "liable to [him] for having knowledge of being/having mood swings, depressant [sic], closiphobia [sic], and post-traumatic stress status." In support of his claim, plaintiff presents a list of dates and corresponding actions taken on those dates, most of which involve plaintiff submitting requests to be seen by medical personnel.[2] Plaintiff also alleges that he filed a request form to see the doctor, stating that he had mood swings and was not able to sleep and wanted medication, but that his request was denied. Finally, plaintiff alleges that his medications have been changed frequently, and that he feels violated as a result of taking different medications with different side effects resulting from those medications. Plaintiff seems to allege that Ricci is aware of the problems of the side effects due to plaintiff's submission of request forms, but when plaintiff forgets to mention them during his consultations with the doctor she does not remind him of those problems.

Regarding Nurse Cunningham, plaintiff alleges that when he files request forms to Ricci to see the psychiatrist, Cunningham "interferes" by telling plaintiff that he needs to follow proper procedure and file a sick call slip. Plaintiff also alleges that he informed Cunningham about his high

---

[2] For example, plaintiff states that on September 21, 2008, he requested a decrease in his medication because he was waking up in cold sweats, gaining excessive weight, having an increased appetite, and tossing and turning while trying to sleep. Plaintiff also states that on September 30, 2008, Ricci failed to call him for a scheduled appointment, but apologized via a request form. Additionally, plaintiff notes that on October 8, 2008, he submitted a request for a follow-up appointment, presumably with medical personnel although plaintiff does not specify, after waking up on the floor, being told that he was yelling in his sleep, and feeling like the walls were closing in when his cell door is closed. On October 18, 2008, plaintiff alleges that he submitted a request form to Ricci, telling her that his medicine does not help, and she responded that he needed to give the medication ten days to work.

blood pressure being logged into the computer system by the housing officer, and Cunningham told him that it was a violation of a "privacy act." Additionally, plaintiff states that he informed the nurse via a request form on September 30, 2008, that he was having headaches, and that on October 8, 2008 he received an increase in certain drugs, and was prescribed Motrin. Finally, plaintiff states that he informed Cunningham that he didn't feel comfortable consulting with his psychiatrist while a case worker was in the room, and she told him to file a civil complaint in this Court. Plaintiff also makes general allegations regarding the allegedly unprofessional medical staff at his jail, and asserts that on one occasion he missed his evening medications because he was sleeping and the nurse was no longer on duty to give him those medications when he awoke. He adds that the medical staff is withdrawing funds without signature consent, though he does not specify whether this is happening to him or is a general practice by the medical staff.

In his allegations against Kuplinski, plaintiff states that Kuplinski "hasn't really violated [plaintiff], just his policies in the inmate handbook, based on court policies, and grievance/request forms not being co-signed and answered in a timely fashion." Plaintiff also recounts that on one instance he was "almost . . . pepper sprayed" for having his "daily bread" with him before going to court, and states generally that some incoming mail is opened before it gets to the inmates.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set

of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

It appears that plaintiff is attempting to state a claim for a violation of his Eighth Amendment right to reasonable medical care against defendants Ionescue and Ricci. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, a plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff has failed to allege either prong necessary to state a claim for denial of his Eighth Amendment right to reasonable medical care. First, plaintiff has not alleged that he has a sufficiently serious medical need, and claims only that he is experiencing some weight gain, sleep disruption, and lethargy as a result of taking his prescribed psychiatric drugs. Thus, taking his allegations as true, plaintiff is experiencing nothing more than common side effects from prescription medication. Moreover, even assuming plaintiff had demonstrated a sufficiently serious

medical need, he has failed to allege facts sufficient to prove deliberate indifference by the defendants. To the contrary, according to plaintiff's own statements, he has been seen by the jail psychiatrist on multiple occasions. Finally, the fact that plaintiff disagrees with the treatment and prescriptions he admittedly has received from medical personnel is insufficient to state a claim under the Eighth Amendment.

Although plaintiff names Nurse Cunningham as a defendant, it is not clear what, if any, constitutional violation plaintiff wishes to allege against her. In fact, plaintiff expressly states that it was Cunningham who told him to file a civil rights complaint. Based on plaintiff's amended complaint, he simply has alleged no facts in support of any type of constitutional claim against Cunningham. Additionally, while plaintiff makes generalized claims regarding the "unprofessional" medical staff and the withdrawal of funds without the signature consent of inmates, plaintiff does no more than make conclusory allegations, and provides no facts to support such claims, and names no defendants responsible for such actions.

Similarly, plaintiff expressly states that Kuplinski has not violated any of his rights, and asserts only that grievances are not being answered in a timely fashion. To the extent that plaintiff wishes to state a claim against Kuplinski, plaintiff's claim must fail. To state a claim under § 1983, a plaintiff must allege that some deprivation of his rights resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Each named defendant then must have had personal knowledge of an involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. Because plaintiff admits that Kuplinski has not violated any of plaintiff's rights, he has failed to state a claim against Kuplinksi. Furthermore, the Constitution "creates no entitlement to grievance procedures or access

to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F. Supp. at 294. Therefore, even if Kuplinski was personally responsible for failing to return grievances to plaintiff in a timely manner, such an allegation does not state a claim under § 1983.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2 ) be and is DENIED AS MOOT; and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to enter judgment in favor of defendants pursuant to Fed. R. Civ. P. 58, to send of copy of this Memorandum Opinion and Order to plaintiff, and to close this civil case.

Entered this 21st day of January 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge